UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JASON TOWBRIDGE** | : | Case No. 1:19CV00900 |
| 1713 Greenup Street | : | |
| Covington, Kentucky 41011 | : | |
| | : | Judge |
| vs. | : | |
| | : | |
| **GRAHAM PACKAGING COMPANY** | : | |
| 1225 Castle Drive | : | |
| Mason, Ohio 45040 | : | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Jason Towbridge, for his Complaint against Defendant, Graham Packaging Company ("Graham"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action arising out of Plaintiff Jason Towbridge's employment with Graham.  Mr. Towbridge alleges that he was a victim of discrimination and retaliation and was terminated because of his race and disability.

2. Mr. Towbridge's claims arise under Title VII of the Civil Rights Act of 1964, the Ohio Civil Rights Act, and the Americans with Disabilities Act.

3. Mr. Towbridge seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both his economic and non-economic injuries.  He also seeks punitive damages and equitable relief in the form of reinstatement or front pay, and an award of his reasonable attorney's fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by Title VII and the ADA.  This

Court may assume supplemental jurisdiction over Mr. Towbridge's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as his federal claims.

5. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio.

### III. PARTIES

6. Plaintiff Jason Towbridge is a United States citizen and a resident of Kenton County, Kentucky. Mr. Towbridge is African American.

7. Defendant Graham is a limited partnership incorporated in Delaware that operates a facility at 1225 Castle Drive in Mason, Ohio. Graham is an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964, the ADA, and the Ohio Civil Rights Act.

### IV. ADMINISTRATIVE HISTORY

8. On September 24, 2018, Mr. Towbridge filed an administrative charge of discrimination and retaliation against Graham with the Equal Employment Opportunity Commission (473-2018-01829). He alleged that Graham discriminated against him because of his race and disability and retaliated against him for protesting race discrimination. Mr. Towbridge received his Notice of Right to Sue on July 26, 2019. This action is brought within 90 days of receiving the right-to-sue notice.

### V. STATEMENT OF THE CASE

9. Graham hired Mr. Towbridge in or about August 2015 as an Operator. In August of 2017, Graham promoted Mr. Towbridge to the position of Maintenance Technician. As a Maintenance Technician, Mr. Towbridge was responsible for the installation and repair of equipment and machinery in the plant. Mr. Towbridge was the only African American employee in the maintenance department.

10. Throughout his employment, Mr. Towbridge repeatedly faced racial animus in the workplace, including racial comments and inequitable treatment.

11. On several occasions, Mr. Towbridge complained to his local human resources representative, as well as corporate HR, regarding the race discrimination in the workplace. The company took no action.

12. On April 26, 2018, Mr. Towbridge was working on a piece of machinery with other technicians when he was involved in a workplace accident. Specifically, Mr. Towbridge was pinned between a robotic arm and a metal bin. As a result of the accident, Mr. Towbridge suffered three broken ribs and a hernia. Mr. Towbridge filed for workers' compensation, which Graham vigorously fought.

13. Mr. Towbridge was cleared to return to work on May 9, 2018 with a ten-pound lifting restriction. Initially, Mr. Towbridge was assigned to performing computer work. But by the end of the month, Mr. Towbridge was assigned to performing his normal tasks—which necessarily required him to lift more than ten pounds—despite still having the lifting restriction in place. Mr. Towbridge repeatedly complained to HR that his restrictions were not being honored.

14. On August 28, 2018, Mr. Towbridge was called to perform maintenance on a machine. To safely perform the maintenance, Mr. Towbridge "locked out" the electrical and air components of the machine, as was consistent with company lockout/tagout policy. After checking to make sure the machine would not turn on, Mr. Towbridge began his maintenance work.

15. While conducting the maintenance, Mr. Towbridge's supervisor, Jay Tharp, approached Mr. Towbridge's workspace and told him to stop his work. Mr. Tharp then told Mr. Towbridge that he had not followed the company lockout/tagout procedure, as

3

Mr. Towbridge had only locked out/tagged out two of the three, rather than all three, of the machine's safety components.

16. In describing Mr. Towbridge's alleged improper lockout/tagout, Mr. Tharp cited a company policy that had been put in place while Mr. Towbridge was recovering from his April injury. Mr. Towbridge had not been informed of the new policy. Mr. Tharp then told Mr. Towbridge that he needed to meet with the plant manager, Ben Marshall. Mr. Marshall suspended Mr. Towbridge indefinitely.

17. At that same time, Mr. Towbridge learned that he was scheduled to undergo surgery for a hernia, scheduled to take place on September 13, 2018. He informed Graham about the surgery and requisite recovery and requested a brief leave of absence.

18. On September 12, 2018, Mr. Towbridge sent an email to Graham's HR department asking about the status of his suspension. He also alleged that he was being treated differently than Caucasian employees who had similarly violated safety rules and who were not terminated.

19. On September 13, 2018, Graham terminated Mr. Towbridge for allegedly violating a safety rule. Mr. Towbridge had no prior discipline for violating safety rules.

20. The acts and/or omissions of Defendant was taken or omitted intentionally, maliciously, and/or purposefully with a conscious and deliberate disregard for Mr. Towbridge's rights under federal and state civil rights laws to be free from acts of discrimination in employment on account of race, retaliation for protesting acts of discrimination in the workplace, and being terminated for his disability.

21. As a direct and proximate result of Defendant's actions, Mr. Towbridge has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to his professional reputation.

## VI. STATEMENT OF CLAIMS

### Count 1: Race Discrimination
### (42 U.S.C. § 2000e, 42 U.S.C. § 1981, and Ohio Rev. Code § 4112)

22. Plaintiff incorporates paragraphs 1 through 21 as if fully rewritten herein.

23. Mr. Towbridge is African American.

24. Mr. Towbridge was qualified for the position of Maintenance Technician.

25. Mr. Towbridge was treated less favorably than his white coworkers and terminated because of his race.

26. As a result of the Graham's actions, Mr. Towbridge suffered damages, including lost wages and emotional distress.

### Count 2: Retaliation
### (42 U.S.C. § 2000e, 42 U.S.C. § 1981, and Ohio Rev. Code § 4112)

27. Plaintiff incorporates paragraphs 1 through 26 as if fully rewritten herein.

28. Mr. Towbridge engaged in protected activity when he opposed race discrimination by complaining to the human resources department.

29. Graham was aware of Mr. Towbridge's protected activity.

30. Graham took adverse action against Mr. Towbridge after he complained of race discrimination, ignoring his complaints, and subsequently terminating him.

31. There is a causal connection between Mr. Towbridge's complaints of racial discrimination, and the adverse action Graham took against him.

32. Graham's stated reasons for terminating Mr. Towbridge are pretext for illegal retaliation.

33. As a result of Graham's actions, Mr. Towbridge suffered damages, including lost wages and emotional distress.

## Count 3: Disability Discrimination
## (42 USC § 12101 and Ohio Rev. Code § 4112.02)

34. Plaintiff incorporates paragraphs 1 through 33 as if fully rewritten herein.

35. Mr. Towbridge suffers from a disability.

36. Mr. Towbridge is qualified to perform the essential functions of his position with a reasonable accommodation.

37. Graham terminated Mr. Towbridge because of his disability and the accommodations he requested.

38. As a result of Graham's illegal actions, Mr. Towbridge has suffered damages including lost wages and emotional distress.

39. Graham acted with malice and a conscious disregard for Mr. Towbridge's federally protected rights.

## Count 4: Retaliation
## (42 USC § 12101 and Ohio Rev. Code § 4112.02)

40. Plaintiff incorporates paragraphs 1 through 39 as if fully rewritten herein.

41. Mr. Towbridge engaged in protected activity when he requested a reasonable accommodation.

42. Graham was aware of Mr. Towbridge's protected activity.

43. Graham took adverse action against Mr. Towbridge after he engaged in protected activity.

44. There is a causal connection between Mr. Towbridge's protected activity, and the adverse action Graham took against him.

45. As a result of Graham's actions, Mr. Towbridge suffered damages, including lost wages and emotional distress.

46. Graham acted with malice and a conscious disregard for Mr. Towbridge's federally protected rights.

**PRAYER FOR RELIEF**

Wherefore, Mr. Towbridge demands judgment against Graham Packaging Company as follows:

1. An award of compensatory damages for all economic damages suffered by Mr. Towbridge in an amount to be determined at trial;

2. An award of compensatory damages for all non-economic damages suffered by Mr. Towbridge in an amount to be determined at trial;

3. An order reinstating Mr. Towbridge to his previous position at Graham, inclusive of all pay increases and benefits to which he would have been entitled had he not been terminated, or in the alternative, an award of front pay;

4. An award of punitive damages in an amount to be determined at trial;

5. An award of Mr. Towbridge's reasonable attorney fees and costs;

6. An award of any other relief in law or equity to which Mr. Towbridge is entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Daniel J. Treadaway (OH No. 0098000)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
dtreadaway@mezibov.com

*Attorneys for Plaintiff Jason Towbridge*

## JURY DEMAND

Plaintiff Jason Towbridge demands a jury trial to resolve all issues of fact related to his Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)