**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JASON TOWBRIDGE,

    Plaintiff,

v.

GRAHAM PACKAGING COMPANY,

    Defendant.

Case No. 1:19-cv-900

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I.   Procedural Background**

Plaintiff filed this employment discrimination action against his former employer through counsel, alleging discrimination and retaliation based upon his race and disability. However, on May 28, 2020, plaintiff's counsel moved to withdraw from further representation, citing counsel's inability to contact Plaintiff despite repeated emails and phone messages and Plaintiff's failure to attend a scheduled conference. The court granted counsel's motion to withdraw on July 6, 2020, by which time Plaintiff had not been heard from in nearly three months. The Court's order explained that Plaintiff would be required to proceed pro se if no new counsel entered an appearance by August 5, 2020, reminded Plaintiff of his obligation to keep the Court advised of his current address, and directed service upon Plaintiff at each of two addresses of record obtained from Plaintiff's former counsel. (Doc. 17). A certified mail receipt reflects service of the Court's Order was received by Plaintiff at a secondary address (different from his address of record) on July 11, 2020. (Doc. 18).

When no new counsel entered an appearance, Defendant filed a motion to compel

Plaintiff to respond to written discovery requests that had been served on Plaintiff on March 12, 2020. (Doc. 19). Defendant served its motion to compel on Plaintiff at both the address of record and a second alternate address: 1713 Greenup Street, Covington, KY 41011 and 5 Yager Ct., Erlanger, KY 41018. Defendant's motion included a proposed Order, (Doc. 19-3), which the undersigned signed and filed as the Order of the Court. The Order directed Plaintiff to immediately respond to the outstanding discovery requests and included the following warning: "Plaintiff's failure to comply with this Order will result in DISMISSAL of this action WITH PREJUDICE." (Doc. 20 at 2).

Based upon court records that still reflected a last known address for Plaintiff of 1713 Greenup Street, Covington, KY 41011, the Court sent the August 17, 2020 Order by both Certified mail and ordinary first class mail to Plaintiff at that address. However, both attempts at service were returned as undeliverable. (Docs. 21, 22). It now appears likely, based upon the prior delivery of certified mail to the alternate address in Erlanger, Ky, that Plaintiff most recently resided at that address.

On September 2, 2020, Defendant mailed a "Notice Regarding Plaintiff's Failure to Comply with the Court's Order Granting Defendant's Motion to Compel." (Doc. 23). Defendant once again served its Notice on Plaintiff at both the court address of record (Greenup Street) and at the alternate address. The "Notice" recites the history of this case, including Plaintiff's former counsel's withdrawal based upon Plaintiff's failure to communicate over several months, as well as Plaintiff's continued failure to respond to long-outstanding discovery requests as ordered by the Court. Citing the language in the Court's Order that expressly warned Plaintiff that his failure to comply with the Order would result in dismissal with prejudice, Defendant now seeks that sanction.

**II.     Analysis**

Defendant's "Notice" is hereby construed as a motion seeking dismissal as a discovery sanction under Rule 37, Fed. R. Civ. P.  The sanctions authorized by both Rule 37(d) and Rule 37(b)(2) are identical. Thus, if a party fails to respond to discovery, appear for a deposition, or obey a discovery order, the court where the action is pending may issue orders including the following:

> (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)  striking pleadings in whole or in part;
>
> (iv)   staying further proceedings until the order is obeyed;
>
> (v)    dismissing the action or proceeding in whole or in part;
>
> (vi)   rendering a default judgment against the disobedient party; or
>
> (vii)  treating as contempt of court he failure to obey any order except an order to submit to a physical or mental examination.

Rule 37(b)(2)(A); *see also* Rule 37(d)(3) ("sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)").

The Sixth Circuit has explained that trial courts should review the following factors prior to imposing discovery sanctions, including the most severe sanction of dismissal:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

3

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) (quoting *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-155 (6th Cir. 1988)). In *Harmon*, the Sixth Circuit emphasized that the extreme sanction of dismissal should not be imposed absent a clear record of bad faith or contumacious conduct, and only after considering less severe sanctions and providing notice that dismissal is contemplated. *See id.* at 367-368. The history of this case, as recounted above, supports the extreme sanction of dismissal at this time based on all relevant factors.[1] Therefore, Defendant's construed motion should be granted.

Additionally, dismissal with prejudice is appropriate based upon Plaintiff's failure to prosecute. It is incumbent upon any litigant, including a *pro se* litigant, to keep the Court apprised of his current address. While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir.1991). Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd. of Educ.,* 570

---

[1] The Court realizes that because the Plaintiff's address of record is not correct that Plaintiff did not receive this Court's order warning that the case will be dismissed if Plaintiff fails to comply with the order. (Doc. 20). However, because Defendant served its "Notice" on Plaintiff at his address of record and at, what appears to be, Plaintiff's actual address, Plaintiff was on notice of the Court's prior warning due to the Defendant's "Notice" specifically referencing and quoting the relevant dismissal language.

4

F.3d 775 (6th Cir.2009). Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute. *See, e.g., Whittaker v. Hilltop Records,* 2009 WL 2734052 (S.D. Ohio Aug.27, 2009) (dismissal of pro se plaintiff); *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.,* 960 F.2d 603, 608–609 (6th Cir.1992) (dismissal upheld in part due to counsel's failure to advise court of change of address).

To date, Plaintiff's address of record remains listed as Greenup Street, which the record reflects is invalid. Although the Court's last Order was returned as undeliverable, Defendant has continued to serve Plaintiff at both the address of record and at a second address provided by former counsel. Thus, Plaintiff has had ample notice and time to respond to the Defendant's motions, to advise this Court of his current address, and/or any intention to continue to prosecute this case pro se.[2] His failure to do so constitutes a clear failure to prosecute.

### III.     Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:**

1. Defendant's Notice (Doc. 23) should be construed as a motion to dismiss this case under Rule 37;

2. Based upon Plaintiff's continued failure to participate in discovery, failure to respond to long-overdue discovery requests, and failure to comply with this Court's Order expressly warning him that his case would be dismissed should he continue to fail to respond to discovery, Defendant's construed motion for a

---

[2] Dismissal for failure to prosecute would be appropriate even if Defendant had not served Plaintiff at both his address of record and the alternate address provided by his former counsel.

   Rule 37 dismissal (Doc. 23) should be **GRANTED**, and this case should be **dismissed with prejudice**;

3. In addition and in the alternative, this case should be dismissed with prejudice based upon Plaintiff's failure to keep the Court apprised of his current address, and corresponding failure to prosecute;

4. Based upon the record before the Court, and in particular the confirmation of the receipt of certified mail addressed to Plaintiff at the alternate address of 5 Yager Ct., Erlanger, KY 41018, this Report and Recommendation and any future Orders from the Court should be served on Plaintiff at that alternate address.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON TOWBRIDGE,

    Plaintiff,

v.

GRAHAM PACKAGING COMPANY,

    Defendant.

Case No. 1:19-cv-900

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7